JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1.
 {¶ 2} Defendant-appellant, Venis Tisdale, appeals from the City of Euclid Municipal Court judgment convicting him of failure to maintain an assured cleared distance, in violation of Euclid Codified Ordinance 333.03. For the reasons that follow, we affirm.
 {¶ 3} The following evidence was presented at a bench trial.
 {¶ 4} The city presented two witnesses, Ellen Krumel and Euclid Police Officer Jeff Cutright. Krumel testified that on December 6, 2007, she was driving east on Euclid Avenue when she had to stop her vehicle because of heavy traffic and construction; the right lane was blocked due to construction. While she was sitting in traffic, she said Tisdale rear-ended her vehicle. She testified that she was not going in reverse, nor were there any road conditions that prevented her from stopping.
 {¶ 5} Officer Cutright testified that in his ten years as a police officer, he has investigated approximately 100 automobile accidents. He responded to the scene and observed minor damage to both vehicles.
 {¶ 6} Officer Cutright stated that Krumel told him that she had been hit from behind by Tisdale. Tisdale told him that Krumel was "going in reverse at a high rate of speed" and hit his car. Officer Cutright examined the damage to *Page 4 
both vehicles and determined that Tisdale's version of the events was not possible. He said "there was no crush cavity consistent with a collision of that speed, [and] no air bag deployment." Because he "saw no evidence of a high speed back end collision," he cited Tisdale.
 {¶ 7} Tisdale testified on his own behalf. He said that he was driving east on Euclid Avenue when he saw that traffic was stopped. He stated that he began to slow down as he approached the traffic, traveling at five or ten m.p.h., when Krumel began going in reverse and hit his car.
 {¶ 8} The trial court stated, "[i]t comes down to one party against the other." The judge then found Tisdale guilty because she found his testimony to be "incredible." The court ordered Tisdale to pay a $100 fine and $108 in court costs.
 {¶ 9} Tisdale appeals his conviction, raising two assignments of error for our review:
 {¶ 10} "[1.] The court [erred in] accepting the inconsistent testimony of the witnesses * * * and finding the appellant guilty based upon this inconsistent testimony, and also in the police report the inconsistencies in the report.
 {¶ 11} "[2.] The judge violat[ed] the compliance codes of judicial conduct * * * when she consistently and continually cutoff and interrupted the appellant during his cross-[examination] * * * and also while the appellant was testifying and giving his testimony as to what had taken place * * *." *Page 5 
 {¶ 12} In his first assignment of error, Tisdale argues that the trial court erred by not allowing him to cross-examine Officer Cutright about the police report regarding the incident.
 {¶ 13} During his cross-examination of Officer Cutright, Tisdale attempted to question him about alleged inconsistencies in the police report. Officer Cutright explained that he could not explain any inconsistencies in the police report because he did not write it. The trial court sustained several of the city's objections with respect to the police report because it was not admitted as evidence. Tisdale argues that the trial court erred by doing so.
 {¶ 14} The trial court has broad discretion in the admission of evidence and, unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, this court should not interfere. State v. Cooper, 8th Dist. No. 86437, 2006-Ohio-817, citingState v. Hymore (1967), 9 Ohio St.2d 122, 128. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} After thoroughly reviewing the record, we find no abuse of discretion. If Tisdale wanted to show alleged inconsistencies in the police report, he could have subpoenaed the reporting officer to testify.[1] He failed to do so. *Page 6 
 {¶ 16} Tisdale's first assignment of error is overruled.
 {¶ 17} In his second assignment of error, he argues that the trial court erred by constantly interrupting him during his cross-examination of the state's witnesses, as well as during the presentation of his case. We disagree.
 {¶ 18} The trial court refused to allow Tisdale to cross-examine Officer Cutright about the police report. We have already determined that the trial court did not err in doing so.
 {¶ 19} During Tisdale's testimony, the court did not allow him to testify about alleged inconsistencies in the police report since it was not admitted as evidence. Nor did the trial court allow Tisdale to testify about insurance coverage issues or his claim that Krumel physically assaulted him after the accident, ruling that those issues were irrelevant.
 {¶ 20} As a basic principle, all relevant evidence is admissible, unless the probative value of that evidence is substantially outweighed by its prejudicial effect. Evid. R. 403. "Relevant" evidence is defined as evidence having any tendency to make a fact of consequence to the determination of the action more or less probable than it would be without the evidence. See Evid. R. 401. The admission or exclusion of relevant evidence rests within the sound discretion of the trial court.State v. Sage (1987), 31 Ohio St.3d 173. *Page 7 
 {¶ 21} We find no abuse of discretion in the trial court's evidentiary rulings. Whether either vehicle was covered by insurance or whether a physical fight occurred after the accident, had nothing to do with whether Tisdale rear-ended Krumel after failing to maintain an assured clear distance.
 {¶ 22} We further note that not only did the trial court judge not err, she handled the case with great competence and patience.
 {¶ 23} Accordingly, Tisdale's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to
Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. MCMONAGLE, P.J., AND PATRICIA A. BLACKMON, CONCUR.
[1] The police report was not admitted at trial, but it is in the record on appeal. Officer MacDonald wrote it. For the sake of affording Tisdale a complete review, we have reviewed the police report and conclude that there are no inconsistencies with the report and what Officer Cutright testified to. *Page 1